IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| SALLY BEHR OGDEN,<br><br>    Plaintiff,<br><br>v.<br><br>JOHN HERBERT OGDEN,<br><br>    Defendant. | CIVIL ACTION NO.<br>4:19-CV-00234-WTM-CLR |

## ANSWER OF DEFENDANT JOHN HERBERT OGDEN

Defendant John Herbert Ogden, through his undersigned counsel of record, hereby files this Answer to Plaintiff Sally Behr Ogden's Complaint:

## AFFIRMATIVE DEFENSES

Each of the defenses set forth herein is stated as a separate and distinct defense, in the alternative to, and without waiving, any of the other defenses which are herein or which may hereafter be pleaded. Defendant reserves the right to raise such additional affirmative and other defenses as may be established during discovery and by the evidence in this case. Defendant asserts the following specific defenses:

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendant acted lawfully and in good faith at all times relevant to the Complaint.

## THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver and/or estoppel.

## FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

## FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by a failure of consideration.

## SIXTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of payment.

## SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of acquiescence and/or ratification.

## EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the express terms, conditions and limitations of written contracts between the parties.

## NINTH DEFENSE

Defendant incorporates herein and relies upon any and all defenses contained in any applicable state statute or law.

Defendant responds to the separately numbered paragraphs in the Complaint as follows.  To the extent the headings and subheadings in the Complaint allege facts, they are denied.  All allegations in the Complaint not specifically admitted herein are denied.

**Statement of Jurisdiction and Venue**

1. Defendant is without knowledge as to the allegations in Paragraph 1. To the extent a response is required, Defendant denies the allegations in Paragraph 1.

2. Defendant admits the allegations in Paragraph 2.

3. Defendant denies the allegations in Paragraph 3.

4. Paragraph 4 contains a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 4.

5. Paragraph 5 contains a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 5.

## FIRST COUNT
## (Breach of Contract)

1-5. In response to Paragraphs 1-5, Defendant adopts and incorporates his responses to Paragraphs 1 through 5 of his Answer as if stated herein.

6. Defendant admits the allegations in Paragraph 6.

7. Defendant admits the allegations in Paragraph 7.

8. Defendant admits the allegations in Paragraph 8.

9. In response to Paragraph 9, Defendant states that the Agreement is a written document that speaks for itself as to its content and legal effect. Defendant denies all allegations in Paragraph 9 that are not consistent with the terms of the Agreement.

10. Defendant admits the allegations in the first sentence of Paragraph 10. Defendant denies the allegations in the second sentence of Paragraph 10.

11. The allegations in Paragraph 11 reference the Agreement, which is a written document that speaks for itself as to its content and legal effect. Defendant denies all allegations in Paragraph 11 that are inconsistent with the Agreement.

12. In response to Paragraph 12, Defendant states that Plaintiff failed to attach Exhibit B to the Complaint, which would otherwise constitute a written document that speaks for itself as to its content and legal effect. To the extent a response is required, Defendant denies the allegations in Paragraph 12.

13. In response to Paragraph 13, Defendant states that Plaintiff failed to attach Exhibit C to the Complaint, which would otherwise constitute a written document that speaks for itself as to its content and legal effect. To the extent a response is required, Defendant denies the allegations in Paragraph 13.

14. Defendant admits the allegations in the first sentence of Paragraph 14, but states that "other debt" was incurred with respect to the property as contemplated by Section 8.1A(i) of the Agreement. Defendant denies the allegations in the second sentence of Paragraph 14.

15. Defendant denies the allegations in Paragraph 15.

16. Defendant denies the allegations in Paragraph 16.

17. The allegations in Paragraph 17 reference the Agreement, which is a written document that speaks for itself as to its content and legal effect. Defendant denies all allegations in Paragraph 17 that are inconsistent with the Agreement. Defendant further denies the allegations in the last sentence of Paragraph 17.

18. Defendant denies the allegations in Paragraph 18.

19. Defendant denies the allegations in Paragraph 19.

20. Paragraph 20 contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 20.

## SECOND COUNT
### (Breach of Fiduciary Duty)

1-20.   In response to Paragraphs 1-20, Defendant adopts and incorporates his responses to Paragraphs 1 through 20 of his Answer as if fully stated herein.

21.   Paragraph 21 contains a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 21.

22.   Defendant denies the allegations in Paragraph 22.

23.   Paragraph 23 contains a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 23.

Defendant denies that Plaintiff is entitled to any remedy or relief sought.

WHEREFORE, having fully responded to Plaintiff's Complaint, Defendant requests:

(a)   that the Court dismiss this action in its entirety with prejudice;

(b)   that the Court enter judgment in favor of Defendant and against Plaintiff on all claims asserted in Plaintiff's Complaint;

(c)   that Plaintiff be taxed with all costs and attorneys' fees incurred by Defendant in defending this action; and

(d)   that the Court award Defendant such other and further relief as the Court may deem just and proper.

Dated: November 21, 2019 By: */s/ Brian P. Watt*
Brian P. Watt, Bar No. 741841
TROUTMAN SANDERS LLP
Bank of America Plaza
600 Peachtree Street NE
Suite 3000
Atlanta, GA  30308-2216
Telephone:404.885.3000
Facsimile: 404.885.3900
brian.watt@troutman.com

Kathleen M. Campbell, Bar No. 839699
kathleen.campbell@troutman.com
(*application forthcoming*)

Christopher J. Kelleher, Bar No. 937613
chris.kelleher@troutman.com
(*application forthcoming*)

Attorneys for Defendant
JOHN HERBERT OGDEN

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 21, 2019, I electronically filed the foregoing *Answer* with the Clerk of the Court using the CM/ECF system which sent notification of such filing to all counsel of record.

This 21st day of November, 2019.

By: */s/ Brian P. Watt*
Brian P. Watt
Georgia Bar No. 741841
